# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2013

Lyle W. Cayce
Clerk

No. 12-50687
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SALOME CHIHUAHUA-JUAREZ, also known as Chihuahua-Juarez Salome,

Defendant-Appellant

Cons. w/ No. 12-50774

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SALOME CHIHUAHUA-JUAREZ,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-2269-1
USDC No. 2:12-CR-1099-1

Before REAVLEY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.

No. 12-50687
c/w No. 12-50774

Salome Chihuahua-Juarez appeals the 71-month sentence imposed following his guilty plea conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326.  He also appeals the consecutive six-month sentence imposed following the revocation of a prior term of supervised release.

Chihuahua-Juarez contends that the within-guidelines sentence imposed following his illegal reentry conviction is substantively unreasonable because it was greater than necessary to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a).  Relying on *Kimbrough v. United States*, 552 U.S. 85, 108-10 (2007), he argues that the guidelines range was too severe because U.S.S.G. § 2L1.2 is not empirically based and double counts a defendant's criminal record. He also argues that the guidelines range overstated the seriousness of his non-violent reentry offense and failed to account for his benign motive for returning to the United States, specifically, to support his 15 children. Chihuahua-Juarez acknowledges that his argument that the lack of an empirical basis for § 2L1.2 precludes an appellate presumption of reasonableness is foreclosed by circuit precedent.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).  Nevertheless, he seeks to preserve this issue for further review.

We have consistently rejected Chihuahua-Juarez's "empirical data" argument.  *See id.* at 366-67 & n.7; *United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009).  We have also rejected arguments that double-counting necessarily renders a sentence unreasonable, *see Duarte*, 569 F.3d at 529-31, and that the Sentencing Guidelines overstate the seriousness of illegal reentry because it is simply a non-violent international trespass offense, *see United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

---

R. 47.5.4.

The district court considered Chihuahua-Juarez's mitigation arguments and request for a downward variance, as well as the Government's argument that an upward variance was warranted due to his extensive and understated criminal history. The district court ultimately concluded that a sentence at the top of the applicable guidelines range was appropriate based on the circumstances of the case and the § 3553(a) factors. Chihuahua-Juarez's assertions that § 2L1.2's lack of an empirical basis, the double-counting of his prior conviction, the non-violent nature of his offense, and his motive for reentering justified a lower sentence are insufficient to rebut the presumption of reasonableness afforded to within-guidelines sentences. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008). The fact that we might reasonably conclude that a different sentence was appropriate is insufficient to justify reversal. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008). Therefore, Chihuahua-Juarez has failed to show that his 71-month within-guidelines sentence is substantively unreasonable. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).

Next, Chihuahua-Juarez contends that the consecutive six-month sentence imposed following the revocation of his supervised release is plainly unreasonable. He argues that the consecutive sentence was greater than necessary to accomplish the sentencing goals set forth in § 3553(a) because he returned to the United States to find work to support his large family.

We review preserved challenges to revocation sentences under a deferential plainly unreasonable standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). The presumption of reasonableness afforded to within-guidelines sentences also applies to within-guidelines revocation sentences. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008).

No. 12-50687
c/w No. 12-50774

Chihuahua-Juarez's six-month sentence was within the range recommended by the policy statements and within the statutory maximum term of imprisonment that the district court could have imposed. *See* 18 U.S.C. § 3583(e)(3); § 7B1.4(a). As previously discussed, Chihuahua-Juarez's assertion that his motive for reentering the United States justified a lower sentence is insufficient to rebut the presumption of reasonableness. *See Gomez-Herrera*, 523 F.3d at 565-66; *Rodriguez*, 523 F.3d at 526. Further, we have repeatedly upheld as reasonable within-guidelines revocation sentences ordered to run consecutively to the sentence for the criminal offense leading to the revocation. *United States v. Ramirez*, 264 F. App'x 454, 458-59 (5th Cir. 2008). Therefore, Chihuahua-Juarez has failed to show that his revocation sentence is plainly unreasonable. *See Miller*, 634 F.3d at 843.

Accordingly, the district court's judgments are AFFIRMED.